## LABAN P. POOLE *vs.* JOHN McLEOD.

The surviving maker of a note cannot be sued jointly with the executor of the one who had died.

A judgment cannot be corrected after the term at which it was rendered had passed, without first giving notice to all the parties interested.

ERROR from the circuit court of the county of Neshoba.

The facts are fully stated in the opinion of the court.

*Hubbard*, for plaintiff in error.

The judgment by default on the 24th of December, 1840, though erroneous, was not void, and was final and conclusive upon the parties thereto; and although the object of the plaintiff in bringing his action, was virtually defeated by the omission of the clerk to insert the amount of the plaintiff's money or damages, still the judgment was in favor of the plaintiff for costs, and good, at least, for that, and conclusive upon the parties until reversed by this court. The court that rendered the judgment had no power or control over the judgment, after the final adjournment of the court, at the term at which it was rendered; nor had the circuit court any further control whatever of the cause in which the judgment was rendered, except for the purpose of seeing that its execution was regular. Pirtle's Dig. title Judgment, § 15. 1 Bibb. 346. This was a final judgment in the cause, which put an end to the plaintiff's action in that court, except for the purposes alone of executing the judgment. See 3 Blackstone's Com. 398. 11 Petersdoff's Abri. 643.

The judgment rendered by the same court, in the same cause, on the 3d of May, 1842, is believed to be absolutely void. It was rendered eighteen months after there had been a final end of the cause in the circuit court; and clearly the court had no authority to render such a judgment. The parties were out of court, and it was the same thing as if a judgment had been rendered against a party who had no notice of the pending of any

Poole *v.* McLeod.

suit against him. Here the plaintiff had no notice of this last judgment, which is therefore void. See 2 How. Rep. 805. 3 Munroe, 205. 3 J. J. Marshall, 432. 2 Bibb. 596.

The declaration is against the plaintiff in error, Poole, one of the joint makers of the note sued on, and Creigher, executor of Sterling, deceased. This is a misjoinder of parties, and would be fatal in arrest of judgment, on demurrer, or on writ of error. 1 Chitty Plea, 39.

Mr. Justice CLAYTON delivered the opinion of the court.

This was an action for assumpsit, brought by the defendant in error, against the plaintiff in error and John G. Creigher, executor of Thomas L. Sterling, deceased. At the December term, 1840, of the court, the suit was discontinued as to the latter, and a judgment, by default, entered against Poole ; but by some mistake, the clerk, in entering the judgment, made his entry in blank, and specified no sum in it. At the May term, 1842, of the court, the plaintiff, without any farther notice to the parties, had another judgment by default taken against Pool, and entered up the sum of two hundred and twenty-nine dollars and fifty cents, and a pluries writ issued against the executor of Sterling.

It does not admit of a moment's question, that these latter proceedings were all erroneous, if not wholly void. The surviving maker of the note sued on, could not be sued jointly with the executor of the one who had died ; it was error, therefore, to issue the pluries writ against him. H. & H. 595. After the term had passed, at which the original judgment was rendered, there was no way to correct it but that prescribed by the statute on the subject. H. & H. c. 18. The notice there required does not appear to have been given. The last judgment will therefore be reversed, and the cause remanded. But this opinion, it may be added to prevent misconception, is not meant to interfere with the right of the party, to proceed in the proper way to have his first judgment corrected and enforced.

*Judgment reversed.*